Smith, J.
We are of the opinion that the motion to strike the bill of exceptions from the files should be overruled on several grounds. The action was commenced Aug 3, 1892. The proceedings therefore in regard to the taking of a bill of exceptions were governed by the statute passed March 12, 1892. Secs. 5301-2, 89 Ohio Laws, 124. This gave the right to the taking and the allowance of a bill of exceptions within fifty days after the overruling of a motion for a new *515 trial, based on the ground that the court erred in its action on a motion to direct a non-suit, or to arrest the testimony from the jury, or for error in the charge of the court to the jury, or in the admission or rejection of evidence, or in overruling a motion for a new trial on the ground that the finding or verdict was against the evidence. Those provisions as we Understand them, changed the rule of law contended for by defendant in error, and which was formerly, the law of the state, and which required that bills of exceptions to present questions of error which arose at the trial, should be taken at the trial term, or within the time thereafter specified by the statute, and they can now be raised by a bill taken within the proper time after the overruling of the motion for a new trial based thereon. But even if there were doubt as to this, if the bill in this ease was taken within the time limited by law, it would certainly present the question whether the verdict was against the evidence, which is one of the principal grounds relied upon by the plaintiff in error in this case.
The question then remains whether the bill was allowed by the court within fifty days after the overruling of the motion for a new trial.
The facts as they appear of record are these :' The case was tried to a jury at the April Term of the common pleas court 1893, and a verdict rendered. A motion for a new trial was made by plaintiff in error, but it was taken under advisement and continued till the following (July) term. During that term, and about July 27, 1893, the court directed the clerk to make an entry overruling said motion and rendering judgment for plaintiff below in accordance, with the verdict, saving to defendant its exceptions.
Thereupon the clerk, without the order of the court, and by his own mistake, caused such an entry to be made on the journal of the April term. This was wholly unknown to the defendant below until October 2, 1893, the first day of the October term, 1893, nor did defendant or its counsel have any knowledge that the court had passed on the *516 motion until that day. A motion was at once filed to vacate said entry of April term, and on October 6, 1893, it was by the court ordered that said entry be expunged and held for naught.
On the same day an entry was made on the journal of the October term, to the effect that the court having on the 27th of July, 1893, overruled the motion for a new trial, and directed the clerk to make entry thereof and of judgment on the verdict, and that he had failed to do so, to correct such error, “it is as of the 27th day of July, 1893, ordered that said motion for a new trial be overruled, and that the plaintiff recover of the defendant the sum of $2,800, with interest,” etc., rendering judgment therefor, to all of which defendant excepted. “And the defendant having presented its bill of exceptions, the same is found to be correct, and is signed, sealed, allowed and ordered to be made a part of the record.” And the plaintiff excepted to the entry allowing the bill of exceptions and ordering the same to be made part of the record. And on the same day, October 6, 1893, the bill of exceptions was filed by leave of the court.
If this judgment of the court overruling the motion for a new trial, in so far as the filing of a bill of exceptions is concerned, is to be considered as done on the 26th of July, 1893, then it is clear that as more than fifty days elapsed prior to the 6th of October, that the bill was not signed in time.
The action of the court in effect was to have an entry made on the 6th of October, 1893, as of the 27th of July, 1893, by a nirnc pro tunc entry, made at a subsequent, to-wit, the October term, 1893. This may in certain cases be done in furtherance of justice, but never to do injustice. See 3 Bui. 429. Bouvier’s Law Die. 10 Ohio 202. Do. 297. If therefore, the action of the court of common pleas in entering an order at the October term, 1893, as of July 27 of the previous term, had the effect to cut off the right of the defendant to take a bill of exceptions, we would be of the opinion that such nunc *517 pro tunc order was clearly erroneous. That it did have this effect we' think is settled by the cases in 10 Ohio 202, before cited. It was there held that “where a nunc pro tunc judgment is entered in the common pleas at July term to take effect at the April term preceding, an appeal bond filed within thirty days after the July term is not "within time.” It would seem that the same would be the case as to a bill of"exceptions which must be taken within a certain time after the overruling of a motion for a new trial. It is manifest then that the granting of this nune pro tunc order at the October term as of the July term preceding, was, as held in the case cited, improper and highly prejudicial to the rights of the defendant below, and should not stand. We are of the opinion that it should be so modified as to have it speak as of the day it was really made and entered, viz, October 6, 1893. This being so, the bill of exception was taken in time, and the motion to strike it from the files will be overruled.
The question then remaining is, did the court err in overruling the motion for a new trial, on any of the grounds named.
It is sufficient for us to say that in our opinion, the plaintiff below was not entitled to recover on the evidence submitted. It did not show that the plaintiff Company was the exclusive agent in this city of the defendant Company as the petition alleged, and especially did not show that during the continuance of the agency it did any act in derogation or violation of the contract of agency between them, or of the rights of the Eureka Co. It was an agency terminable at the will of either party. It was rightfully terminated on May 5, 1892, or by the letter of that date when received. On the day before this letter was written, the defendant company wrote to The Shillito Co. stating that the Eureka Co. did not now represent them, and proposing to see them about the contract in question. At that time, nor until June 11, 1892, The Shillito Co. had come to no conclusion as to the bid for the work put in by plaintiff company *518 while acting as the agent of defendant company. And we think there was a complete failure on the part of the plaintiff to show that there was any violation by the defendant company of its contract, or any conduct on its part which was wrongful or injurious to the plaintiff.
Thomas McDougall, for plaintiff in error.
Philip Roettinger, for defendant in error.
The judgment will therefore be reversed and a new trial awarded.